Evans v Punter
2026 NY Slip Op 02778
May 5, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Paul Evans, Plaintiff-Appellant,
v
Malcolm A. Punter et al., Defendants-Respondents.

Decided and Entered: May 05, 2026
Index No. 154101/20|Appeal No. 6536|Case No. 2025-04208|
Before: Manzanet-Daniels, J.P., Kapnick, Rodriguez, Pitt-Burke, O'Neill Levy, JJ.

Law Office of Bernard V. Kleinman, PLLC, Somers (Bernard V. Kleinman of counsel), for appellant.
O'Connor Redd Orlando LLP, Port Chester (Jerri A. DeCamp of counsel), for Malcolm A. Punter and Harlem Congregations for Community Improvement, Inc., respondents.
Wood Smith Henning & Berman LLP, New York (Matthew D. Lavoie of counsel), for Aarian Punter and Rucker Park Prep Foundation, respondents.

[*1]
Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about May 15, 2025, which granted the separate motions of defendants Malcolm A. Punter and Harlem Congregations for Community Improvement, Inc., and defendants Aarian Punter and Rucker Park Prep Foundation, for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff's defamation and libel per se claims were properly dismissed on the ground that the allegedly defamatory statements describing plaintiff as acting "aggressively" and being "disrespectful" and "unprofessional" were nonactionable expressions of opinion based on disclosed facts (see Davis v Boeheim, 24 NY3d 262, 269 [2014]; O'Neill v New York Univ., 97 AD3d 199, 207 [1st Dept 2024]). Defendants' correspondence to plaintiff's supervisor set forth the underlying facts describing plaintiff's specific conduct while he performed his duties managing a public park, which facts plaintiff does not meaningfully dispute.
In any event, qualified privilege applied to defendants' allegedly defamatory statements. Defendants had a legitimate interest in reporting plaintiff's conduct at a public charity event to those individuals with a corresponding interest in the conduct, since plaintiff was acting in his capacity as a government employee (Herlihy v Metropolitan Museum of Art, 214 AD2d 250, 258 [1st Dept 1995]), and, on this record, plaintiff failed to show that the allegedly defamatory statements were made with actual malice (see Liberman v Gelstein, 80 NY2d 429, 437-38 [1992]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 5, 2026